[S. F. No. 15430.   In Bank.—April 21, 1936.]

ROBERT M. GANE, Respondent, v. FLORENCE A. GANE, Appellant.

Lelia R. Leep for Appellant.

Jesse H. Miller for Respondent.

CURTIS, J.—Plaintiff brought an action for divorce against defendant, basing his grounds upon certain acts of cruelty which he alleged were committed by the defendant.   Defendant appeared by answer and denied all the allegations of plaintiff's complaint in which she was charged with the commission of acts of cruelty.   She also, at the time of filing said answer, filed a cross-complaint for divorce and alleged as grounds of divorce acts of cruelty on the part of the plaintiff. A property settlement was thereafter agreed upon and was signed by both the plaintiff and defendant.   Plaintiff withdrew his complaint and the case went to trial upon the allegations of defendant's cross-complaint.   Plaintiff did not appear at the trial.   Defendant was present in person and by

counsel. She was sworn as a witness in the case and testified to the facts set forth in her cross-complaint. A witness on behalf of defendant corroborated defendant in all the essential allegations of the cross-complaint. At the conclusion of the trial the court ordered judgment upon defendant's cross-complaint, and in due time a decree was signed and filed by the judge hearing the action, awarding defendant an interlocutory decree of divorce and alimony in the sum of fifty dollars per month. The decree in respect to alimony followed the property settlement theretofore entered into by the parties to the action, except in one respect. The property settlement pro-·vided that the plaintiff should pay to defendant the sum of fifty dollars per month for a period of two years. The trial court refused to limit the time in which plaintiff should pay the defendant alimony to two years, and by the decree placed no limit upon the time during which the defendant should receive alimony. The interlocutory decree was entered August 16, 1934. On October 29, 1934, a substitution of attorneys for the defendant was filed whereby Lelia R. Leep, an attorney-at-law, was substituted for and in the place of H. O. Mundhenk as attorney for the defendant. Thereafter the defendant through her newly appointed attorney gave notice of a motion to set aside the interlocutory decree and property settlement on the ground that the same was obtained by undue influence. This motion was noticed for hearing on November 2, 1934. It was evidently continued to November 17, 1934, when it was heard in open court upon evidence presented by the respective parties to this action. At the conclusion of the hearing the court submitted the matter and on February 5, 1935, denied said motion. From the order denying said motion to set aside said interlocutory judgment the defendant has appealed.

While the notice of motion merely states that the ground upon which said motion would be made was that the interlocutory decree was obtained by undue influence, we gather from the affidavit of defendant filed in support of said motion, and the evidence given at the hearing of said motion, that the undue influence of which the defendant complains was the undue influence exercised over her by her attorney, appearing for her at the time she secured said interlocutory decree.

The position of the defendant, as appears from the reading of her supporting affidavit and her evidence given on the hearing of said motion, would seem to be that she had a sincere affection at all times for her husband, that she did not want a divorce from him, and so informed her attorney immediately upon his employment and continuously up to the date of said trial. Instead of respecting the defendant's wishes in this regard, her attorney, so she claims, conspired with the attorney for her husband to force her to take the steps and perform the acts which she did and which resulted in the court awarding her an interlocutory decree of divorce. She testified fully as to her position from the inception of the divorce action up to the time of the trial and to the events following the trial. Her former attorney was present at the hearing of said motion as a witness and gave his version of his employment by defendant and of his services as her attorney in this action. The hearing of this motion was not had before the trial judge who presided at the trial of said action, but was transferred to another department of said court and held before another judge thereof. The judge presiding at the hearing of said motion permitted each of said parties the widest latitude in the examination of their own witnesses and in the cross-examination of adverse witnesses. No complaint is made by defendant that she was not afforded every opportunity, on the part of the trial judge, to present her case upon the hearing of said motion. At the conclusion of said hearing, as we have observed, the trial court held that the defendant had not made a sufficient showing to justify the setting aside of the interlocutory decree of divorce rendered in her favor.

It is not our province, even if we so desired, to weigh the evidence in this matter. Our only prerogative in the premises is to examine the evidence produced at the hearing of the motion to ascertain if it contains sufficient probative facts to support the order of the trial court denying said motion. We think it reasonably appears from the evidence that the defendant did not wish a divorce from her husband, but on the other hand was anxious for a reconciliation with him. The husband, however, insisted on a divorce and had instituted an action to obtain such a decree. The defendant was confronted with a contest in which she was charged with being guilty of acts of extreme cruelty toward her husband.

The husband refused all offers of reconciliation and was determined to proceed with the trial of his action against his wife. He was, however, willing to forego his action provided the defendant would institute a like action against him. Confronted with this situation her attorney advised her to file an answer to his complaint and at the same time by way of cross-complaint ask for a divorce from her husband. She signed and swore to the answer and cross-complaint. This was followed by a property settlement between her and her husband which she signed as one of the parties thereto. The case was then set for trial. The defendant was still protesting that she did not want a divorce. On the morning of the trial and just before going into court, the defendant again stated to her attorney that she did not want a divorce but did want to be reconciled to her husband. The defendant was told then by the attorney for the plaintiff that there was absolutely no chance of a reconciliation with her husband. Her own attorney then said to her, ''Well, if you want to go through with it, we are here to go on—to get a divorce if you want to—it is up to you. It makes no difference to me.'' While the defendant says she wilted after being told this by her attorney, the record shows that she went into Judge Walter Perry Johnson's court and, upon her case being called, testified to the acts of cruelty which she charged in her cross-complaint and upon such evidence and that of her corroborating witness Judge Johnson granted her an interlocutory decree of divorce. When asked on the hearing of the motion why she so testified before Judge Johnson and why she did not tell Judge Johnson that she did not want a divorce, she answered that she was scared by what her attorney had told her, just before going into court, about being careful what she would say or she would lose out. While this explanation may have been plausible, its soundness was for the determination of the trial judge. Evidently he was not impressed with the reason given by her for testifying as she did before Judge Johnson. Taking her evidence as a whole it seems incredible that she acted under compulsion of her attorney in the various steps taken by her which culminated in the interlocutory decree of divorce. The complaint in this action was filed in May, 1934, and summons and copy of complaint were almost immediately served upon her. The trial was not held until

the middle of August of the same year. She had over two months to consider the matter and determine the course to be pursued by her. The information received by her attorney and by him conveyed to her was that her husband absolutely refused to consider a reconciliation. Undoubtedly the information was correct and expressed the true attitude of the husband toward his wife. She and her attorney then began to consider a cross-complaint, and he asked her for her grounds of complaint upon which he could base a cause of action for divorce against her husband. She gave him a written memorandum prepared by herself unaided by her attorney, which was to be made the basis of her cross-complaint. This document is not in evidence, but upon examination of it by the trial judge he remarked, ''The memorandum was stronger than the complaint.'' After the cross-complaint was prepared she signed and swore to it. She also signed a property settlement and then voluntarily appeared in court and testified to the truth of the charges set forth in her cross-complaint. Taking her testimony by itself, it was sufficient to support the finding of the trial court that the interlocutory decree was not the result of any undue influence exercised over the defendant by her attorney. The latter also testified on the hearing of the motion. He conceded that the defendant told him that she did not wish a divorce, but wanted to be reconciled to her husband. He ascertained that a reconciliation was impossible and he then left it up to the defendant whether she wanted to contest her husband's action for a divorce or file a cross-complaint and have the decree awarded on her cross-complaint rather than on her husband's complaint. She accepted the latter alternative and proceeded accordingly, and in all his dealings as the attorney for the defendant, he advised her to the best of his ability. On this state of the evidence, this court cannot hold that the order of the trial court denying defendant's motion to set aside the interlocutory decree herein does not find sufficient evidentiary support in the record.

The order is affirmed.

Conrey, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.